Mr. Justice Smith
delivered the opinion of the court.
Thomas Land, the late husband of the defendant, at the time of thymarriage, was domiciled in the county of Yallabusha in this state. The marriage was solemnized in the state of North Carolina, since the passage of the law for the protection of the rights of married women. The defendant was possessed in her own fight of certain slaves, which are described in the bill of *100 complaint. These went into the possession of her husband by virtue of the marriage, and he returned to his home in Mississippi, where he continued to reside until the time of his death. The bill of complaint expressly charges, that at and before the marriage, it was distinctly understood, that Thomas Land, the husband of defendant, was to return to his domicil and continue his residence in the state of Mississippi. This charge is not answered nor denied, and every other fact charged in the bill of complaint is admitted in the answers. The single question then presented by the record, is this, Does the law of the state of North Carolina, or the law of this state, where the husband was domiciled, control his marital rights ? If the latter applies, the decree of the vice-chancellor must stand.
This question has never been decided by this court, but it is conceded, and seems to be well settled by accumulated decisions in foreign courts, as well as the tribunals of our own country, that the law of the state of Mississippi would control the marital rights of the husband. Story, Confl. of Laws, 165, 166, 167, and cases cited.
The record does not show, whether or not any schedule of the property owned by the defendant was recorded in accordance with the directions of the sixth section of the act, for the protection of the rights of married women. Hutch. Dig. 498. The question was not raised in the court below, by demurrer or otherwise. We are compelled to adjudicate the rights of the parties upon the facts stated in the record.
Let the decree be affirmed.